UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

No. 06-257-PB

COMMAND CREDIT CORP.

V.

WILLIAM J. O'KANE
COMMERCIAL CREDIT REPORTS, INC.

## STIPULATION AND ORDER REGARDING THE DISCLOSURE OF CONFIDENTIAL INFORMATION, COMPUTER DATA AND DOCUMENTS

The Petitioner, Command Credit Corporation ("CCC") and the Respondents, William J. O'Kane (O'Kane) and Commercial Credit Reports, Inc. (CCR) (collectively, the "Parties") in the above captioned matter, pursuant to Rule 26 (c), F.R.Civ. P, and agree and stipulate as follows:

1. "Confidential Information" as used herein means, inter alia, any type or classification of information, and the contents thereof, which is designated as "Confidential" by the supplying party, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or information otherwise disclosed in discovery. In designating information as Confidential, the supplying party will make such designation only as to information that it in good faith believes requires confidential treatment.

2. "Highly Confidential Information" as used herein means, inter alia, any type or classification of information, and the contents thereof, which is designated as "Highly Confidential" by the supplying party, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or information otherwise disclosed in discovery. With respect to information which the

supplying party in good faith believes is of such sensitivity as to require highly confidential treatment, the supplying party reserves the right to designate such information as "Highly Confidential." In designating information as "Highly Confidential," the supplying party will make such designation only as to information that it in good faith believes is of such sensitivity as to require highly confidential treatment. Generally, information that has been previously disclosed to third parties or parties other than the supplying party will not qualify as "Highly Confidential" absent the timely execution of a written non-disclosure agreement.

3. "Confidential Computer Data" as used herein means, all data maintained, residing or stored in electronic form on any type of computer storage device or media, including but not limited to exact bit-by-bit replicas ("mirror or ghost images") of computer hard drives; mirror or ghost images of other electronic storage devices; back up copies of computer hard drives and other electronic storage devices; and all electronic files, folders or documents, produced by any party.

4. "Qualified Person" as used herein means any of the following:

a. Outside attorneys for the Parties engaged in this litigation together with paralegals or other support staff for Outside counsel to whom it is necessary that the information be revealed for purposes of this litigation ("Qualified Legal Personnel");

b. Upon full compliance with the procedures set forth in Paragraph 5 hereto, including execution of a document in the form attached as Exhibit A (an "Acknowledgment"), the Parties or, as applicable, their directors, officers or employees to whom it is necessary that the information be revealed for purposes of this litigation;

c. Upon full compliance with the procedures set forth in Paragraph 5 hereto, including execution of an Acknowledgment, consultants and/or experts retained by the Parties or

their attorneys in this litigation solely for the purpose of assisting in the preparation of this litigation for trial, or who have been retained by the Parties to give expert testimony at trial ("Independent Consultants");

    d.    Any other person who is designated as a Qualified Person by order of the Court, after notice to the Parties.

5.    Disclosure of Confidential Information or Highly Confidential Information is restricted as follows:

    a.    Except by written agreement of the Parties and any third party that has produced Confidential Information to the parties in the course of discovery ("Third Party Producer") or by order of the Court, after notice to the Parties and any Third Party Producer, Confidential Information shall not be disclosed to any persons other than Qualified Persons, subject to the provisions of this Stipulation and Order Persons described in subparagraph 4(b) shall not make notes of Confidential Information nor retain copies of it. Prior to disclosure of Confidential Information to any person described in subparagraph 4(b) or an Independent Consultant, such person shall sign an Acknowledgment.

    b.    Except by written agreement of the Parties or by order of the Court, after notice to the Parties, Highly Confidential Information shall not be disclosed to any persons other than Qualified Legal Personnel and Independent Consultants. Prior to disclosure of Highly Confidential Information to any Independent Consultant, such person shall sign an Acknowledgment, and the attorney for the party or by whom the person has been retained ("Retaining Counsel") shall serve the Acknowledgment upon counsel of record for the supplying party, together with a notice identifying the Independent Consultant by name, address, a brief curriculum vitae, and identification of the Highly Confidential Information intended for

disclosure. If the supplying party objects to the proposed disclosure, it must file with the Court a motion for protective order within five (5) days of receipt of the notice. Unless the supplying party objects in accordance with the foregoing, the individual identified in the notice shall be considered a qualified recipient of Highly Confidential Information under the terms of this Stipulation and Order. Should the supplying party object in accordance with the foregoing, Highly Confidential Information shall not be disclosed to the designated individual pending the Court's resolution of the motion for protective order. The Parties agree that the objecting party will have the burden of justifying an objection to an Independent Consultant who has executed the Acknowledgment.

    i. In instances where the Highly Confidential information has been produced by a third party, except by written agreement of the Parties and any Third Party Producer or by order of the Court, after notice to the Parties and any Third Party Producer, the Highly Confidential Information produced by the Third Party Producer shall not be disclosed to any persons other than Qualified Legal Personnel and Independent Consultants. Prior to disclosure of Highly Confidential Information to any Independent Consultant, such person shall sign an Acknowledgment, and the attorney for the party or by whom the person has been retained ("Retaining Counsel") shall serve the Acknowledgment upon counsel of record for the supplying party, including Third Party Producers, together with a notice identifying the Independent Consultant by name, address, a brief curriculum vitae, and identification of the Highly Confidential Information intended for disclosure. If the supplying party, or Third Party Producer, objects to the proposed disclosure, it must file with the Court a motion for protective order within five (5) days of receipt of the notice. Unless the supplying party, or Third

Party Producer objects in accordance with the foregoing, the individual identified in the notice shall be considered a qualified recipient of Highly Confidential Information under the terms of this Stipulation and Order. Should the supplying party or Third Party Producer object in accordance with the foregoing, Highly Confidential Information shall not be disclosed to the designated individual pending the Court's resolution of the motion for protective order. The Parties and third party signatories to this Stipulation agree that the objecting party will have the burden of justifying an objection to an Independent Consultant who has executed the Acknowledgment .

6.   Confidential documents and Highly Confidential documents shall include all documents and copies thereof which a party producing or exchanging such documents has designated as confidential by marking each document "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or with such other designation as may reasonably identify that the information is to be treated as Confidential or Highly Confidential. With respect to multi-page Confidential or Highly Confidential documents, the designation shall be made by marking each page thereof "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Originals or other copies of documents or other materials may be made available for inspection without being marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" without waiving the right to so designate the documents or materials; provided, however, that the documents and materials shall be marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" when copies are provided to the receiving party for use in this Action. The receiving party will treat all information made available for inspection as Highly Confidential until the supplying party provides copies of the materials.

7. All Confidential Computer Data produced in this Action is deemed Highly Confidential. If a party prints information from Confidential Computer Data it will mark each page of such print out "HIGHLY CONFIDENTIAL."

8. The deposition of a party or a non-party, or one of its present or former directors, partners, officers, agents, employees or Independent Consultants retained by a party for purposes of this litigation, insofar as it involves Confidential Information, shall be taken with no persons present except the court reporter, the deponent, the deponent's attorney, and any Qualified Person. All persons present at the taking of any such deposition shall be made aware of, and be subject to, this Stipulation and Order. The deposition of a party or a non-party, or one of its present or former directors, partners, officers, agents, employees, or Independent Consultants, insofar as it involves Highly Confidential Information, shall be taken with no persons present except the court reporter, the deponent, the deponent's attorney, Qualified Legal Personnel, Independent Consultants.

9. Information disclosed at the deposition of a party or a non-party, or one of its present or former directors, officers, agents, servants, employees, or Independent Consultants, may be designated by the party or non-party as "Confidential" or "Highly Confidential" by indicating on the record at the deposition that the testimony is Confidential or Highly Confidential and is subject to the provisions of this Stipulation and Order. The party or non-party may also designate information disclosed at such deposition as Confidential or Highly Confidential by notifying all Parties, in writing, within 30 days of the receipt of the transcript, of the specific pages and lines of the transcript which are Confidential or Highly Confidential. Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody or control.

10. Confidential and Highly Confidential Information may be used at a deposition as follows:

a. Whenever Confidential Information is to be used or displayed in a deposition, prior to making such disclosure, the party proposing to do so shall inform the witness that the use of such Confidential Information is subject to the terms of this Stipulation and Order and shall obtain the witness' agreement under oath on the record to be bound by this Stipulation and Order. In the event the witness refuses to agree to maintain the confidentiality of the information as provided above, and if the Parties and the supplying non-party in circumstances in which highly confidential information supplied by it is concerned, if any, cannot agree on the record as to a manner to resolve the problem created thereby, no disclosure shall be made to the witness unless the Court orders that such disclosure be made. If any person other than the witness and the witness' attorney is present at the deposition and is not a Qualified Person, that person shall not be permitted to be present while Confidential Information is used during the deposition.

b. Whenever Highly Confidential Information is to be used or displayed in a deposition, prior to making such disclosure, the party proposing to do so shall take a break in the deposition at a convenient point and provide the supplying party with an opportunity to review the material on which the inquiring attorney intends to examine the witness prior to its disclosure to the witness, and, if the supplying party objects to such disclosure, a ruling shall be obtained from the Court prior to such disclosure. The Parties and any supplying non-party agree that the objecting party will have the burden of justifying an objection to such disclosure. The party seeking to use such information shall inform the witness of this Stipulation and Order prior to the use of Highly Confidential Information and shall obtain the witness' agreement under oath on the

record to be bound by this Stipulation and Order. In the event the witness refuses to agree to maintain the confidentiality of the information as provided above, and if the Parties and any supplying non-party cannot agree on the record as to a manner to resolve the problem created thereby, no disclosure shall be made to the witness unless the Court orders that such disclosure be made and directs the witness to abide by the provisions of this Stipulation and Order. If any person other than the witness, the witness' attorney, Qualified Legal Personnel and Independent Consultants is present at the deposition, that person shall not be permitted to be present while Highly Confidential Information is used during the deposition. No party or employee, officer or director of a party may be shown Highly Confidential Information of another party.

11. Any information designated as Confidential or Highly Confidential Information or which is Confidential Computer Data may be used only for the good-faith litigation of this Action (including but not limited to settlement negotiations, preparation for trial, pretrial hearings, trial, conferences or motions and any appeals).

12. Nothing shall prevent disclosure of information outside of the terms of this Stipulation and Order if the party or the supplying non-party designating the information consents in writing to such disclosure.

13. The inadvertent or unintentional disclosure by the supplying party of Confidential or Highly Confidential Information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver, in whole or in part, of a party's or non-party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter.

14. In the event that a party wishes to use any Confidential or Highly Confidential Information in any affidavits, briefs, memoranda of law, or other papers filed in Court in this

Action, prior to submitting such documents the party shall file a motion asking the Court to maintain the documents under seal. Unless the other parties or supplying non-parties, as to Confidential or Highly Confidential information supplied by it, object to the designation of the documents as containing Confidential or Highly Confidential information, they shall assent to the party's motion to file the document under seal. For purposes of this paragraph, no party is expected to seek to file documents under seal prior to submitting the affidavit, brief, memorandum of law or other paper to the Court. A party seeking to file such a document may file a motion for protective order simultaneously with filing the affidavit, brief, memorandum of law or other paper with the Court and file the document containing the Confidential or Highly Confidential Information upon the Court's grant of the motion to file under seal. This provision is not intended to extend court filing deadlines. Objections and other documents that must be filed before a deadline must be timely filed and the motion to submit documents under seal shall be filed on or before the applicable deadline.

15.     The provisions of this Stipulation and Order shall continue in effect with respect to any Confidential or Highly Confidential Information or Confidential Computer Data until expressly released by the party furnishing such information, and such effectiveness shall survive the entry of a final judgment herein. Unless otherwise agreed by the party producing such information, within thirty (30) days after the unappealed or unappealable final judgment or settlement of this Action ("Document Return Date"), each Qualified Person shall return all Confidential or Highly Confidential Information in its possession, custody or control, and all copies or partial copies thereof, to the party or person who furnished it, except that counsel of record may retain in its archives a file copy of all pleadings filed and depositions taken in the Action ("Archival Copies") subject to the continuing obligations contained in the this Stipulation

and Order. In addition, each Qualified Person provided Confidential Computer Data in connection with the Action shall destroy all such Confidential Computer Data in its possession, custody or control, and all copies or partial copies thereof, on or before the Document Return Date. In no circumstances may any Qualified Person provided Confidential Computer Data in connection with the Action retain such Confidential Computer Data after the Document Return Date. Any party that produces Confidential Computer Data will retain that data for a period of 2 years after the Data Return Date. Except for the Archival Copies described above, all documents and other material prepared by or on behalf of a party, its counsel or a party's Independent Consultants containing any Confidential or Highly Confidential Information or Confidential Computer Data of another party shall be destroyed on or before the Document Return Date. The party supplying the Confidential or Highly Confidential Information or Confidential Computer Data shall be entitled to receive a certificate of destruction from all Qualified Persons to whom the Confidential or Highly Confidential Information or Confidential Computer Data is produced.

16.  Nothing in this Stipulation and Order constitutes a finding or an admission that any of the information designated Confidential or Highly Confidential (including information contained within Confidential Computer Data) by any party is confidential under the law or otherwise, and nothing herein shall prevent any party from contending that any or all such information is not confidential information protected by law.

17.  Any party may move the Court, upon notice to the other party and any Third Party Producer, but only with respect to information supplied by it, for relief from this Stipulation and Order or for any additional protection authorized by Rule 26, F.R.Civ.P. To the extent the non-designating party objects in good faith to the designation of information as Confidential or Highly Confidential, the non-designating party shall so notify the supplying party in writing.

The Parties and Third Party Producers shall then negotiate in good faith to resolve their differences regarding such designation. If the Parties and Third Party Producers fail to resolve the matter within ten (10) days of the notice of objection, then the non-designating party may seek relief through the Court. The burden of proving the need for the Confidential or Highly Confidential designation shall remain with the supplying party.

18. If any person receiving documents covered by this Stipulation and Order (a) is subpoenaed in another action, or (b) served with demand in another action to which he or it is a party, or (c) is served with any other legal process by one not a party to this litigation, seeking information which was produced or designated, in each instance by someone other than the receiving party, as Confidential or Highly Confidential or is Confidential Computer Data, the receiver shall give prompt notice of such to the party that produced or designated the information. Within the time required for the subpoenaed party to respond, the party that produced or designated the Information must file with the court where the subpoena was issued a pleading objecting to the production. If the producing party does not file an objection then the party receiving the subpoena may produce the Information. If the producing party files an objection, the subpoenaed party shall only produce the Information upon court order or by agreement of the producing party. Nothing herein shall be construed as requiring the receiving party or anyone else covered by this Stipulation and Order to challenge or appeal any order requiring production of Information covered by this Stipulation and Order, or to subject himself or itself to any penalties for noncompliance with any legal process or order, or to seek any relief from the Court.

19. The Parties stipulate and agree that this Stipulation and Order shall be binding on the Parties and their representatives pending the Court's approval and entry of this Stipulation

and Order as an order of the Court. Should the Court refuse to approve this Stipulation and Order and to enter it as an order of the Court, the Parties will work in good faith to prepare a stipulation and order containing terms that meet the approval of the Court.

Respectfully submitted,

| COMMAND CREDIT CORP. | COMMERCIAL CREDIT REPORTS, INC.<br>WILLIAM J. O'KANE |
|---|---|
| By its attorneys: | By their attorneys: |
| /s/ Charles R. Bennett, Jr.  11/2/06<br>Charles R. Bennett, Jr. (NH Bar # 5498)<br>John D. Hanify (pro hac vice)<br>Jeffrey J. Upton (pro hac vice)<br>Theodore J. Folkman (pro hac vice)<br>HANIFY & KING, P.C.<br>One Beacon St.<br>Boston, Mass. 02108<br>(617) 423-0400 | /s/ Andru H. Volinsky  11/2/06<br>Andru H. Volinsky (NH Bar # 2634)<br>Dawnangela Minton (NH Bar # 14226)<br>Bernstein Shur<br>PO BOX 1120<br>Manchester, NH 03105<br>603.623.8700 |

APPROVED:

/s/ James R. Muirhead                Date:    November 7, 2006

James R. Muirhead
U. S. Magistrate Judge
United States District Court